

**SO ORDERED.**

**SIGNED this 11 day of August, 2005.**

_____
LARRY E. KELLY
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 04-62831-LEK-13 |
| | § | |
| JAY WALTON PRUETT, DEBTOR | § | CHAPTER 13 |
| | § | |
| ------------------------------------------------------------ | § | |
| COMPASS BANK, | § | |
|     Movant | § | |
| | § | |
| vs. | § | |
| | § | |
| JAY WALTON PRUETT, DEBTOR | § | |
| G. RAY HENDREN, TRUSTEE | § | |
|     Debtor-Respondent | § | |
| ------------------------------------------------------------ | § | |

**AGREED ORDER CONDITIONING AUTOMATIC STAY
REGARDING COMPASS BANK**

Pursuant to a default by the Debtor with respect to **Compass Bank** (the "Creditor" or "Movant") in the above-entitled and numbered bankruptcy proceeding, Creditor and Debtor by and through their respective attorneys of record announce to the Court that an agreement has been reached providing for the continuation of the automatic stay as to the real property owned by the Debtor and the Court finds that such agreement should be approved.

AGREED ORDER CONDITIONING AUTOMATIC STAY - Page 1
File No. 161152

As support for this Order, Creditor and Debtor stipulates that Creditor is the holder of a secured claim against the Debtor, representing the outstanding balance owing under the Real Estate Note ("Contract") executed by the Debtor and secured by 2723 W Big Elm Rd. ("Collateral").

Debtor and Creditor further stipulate that they have agreed to each provision outlined and ordered below.

**IT IS THEREFORE ORDERED** that as a means of adequate protection on the Collateral securing the contract, the Debtor will:

(A) Commence making regular contractual payments to Creditor in the amount of **$262.65** each which shall be due on the **1st** day of each month beginning on **August, 2005**.

(B) Debtor shall cure the arrears currently due to Creditor in the amount of **$1,377.34**, this amount includes, $550.00 for attorney fees; 3 past due payments and $39.39 in late fees, by making six (6) payments to Creditor, each in the amount of **$229.56** beginning **August 15, 2005** and each month thereafter until the arrears are paid in full. Payments shall be sent to the following address:

> **The Ramsey Law Firm, P.C.**
> **P.O. Box 200187**
> **Arlington, Texas 76006**
> **Attn: A/O Receivables**

In the event the Debtor tender funds that are returned as "unpayable", those funds shall not constitute a payment as described above.

**IT IS FURTHER ORDERED** that Creditor shall have a secured claim in the amount of $2,000.00, which shall be paid through the Debtor's Chapter 13 Plan, this is for the pre-petition arrears that are already included in the Plan. The Chapter 13 Trustee shall make payments on these claims from funds paid to him by the Debtor according to their normal procedures.

**IT IS FURTHER ORDERED** that in the event the Debtor does not comply with any of the conditions set forth above then Creditor or its attorney of record shall have the right to send notice of default to both the Debtor and Debtor's attorney. Upon the service of the Notice of Default by Creditor or its attorney of record, the Debtor shall have **ten days (10)** to cure such default. In the event the default is not cured, the stay provided for in Section 362 of the Bankruptcy Code against lien enforcement by Creditor shall automatically be lifted as to the real property and shall terminate without further order of this Court and Creditor shall thereafter be entitled to foreclose its lien in accordance with its rights under the above-described Contract and the applicable laws and statues of the State. The Debtor shall be allowed to default and cure such default under this Agreed Order **two (2)** times. Should the Debtor default a **third (3rd)** time, notice of the default will be served as specified herein, but the Debtor will not be granted an opportunity to cure the default and the stay shall lift at that time without further notice or hearing. In the event the debtor subsequently modifies the Chapter 13 Plan, such modification shall not constitute as a cure of any delinquency as described above.

IT IS FURTHER ORDERED that Creditor shall immediately notify the Trustee in the event that it forecloses upon the real property described herein, and that Creditor shall amend or withdraw its claim accordingly following foreclosure.

# # #

APPROVED AS TO FORM AND SUBSTANCE:


/s/ Erich M. Ramsey
ERICH M. RAMSEY, TBN 16517500
THE RAMSEY LAW FIRM, P.C.
P.O. Box 200187
Arlington, Texas  76006
(817) 277-8753
(817) 277-1893 Fax

ATTORNEY FOR COMPASS BANK



/s/ James O. Cure          (with permission)
JAMES O. CURE
ATTORNEY AT LAW
Bentwood Professional Park
2584 Blue Meadow Dr.
Temple, TX 76502
(254) 778-8934
(254) 773-2477 Fax

ATTORNEY FOR THE DEBTOR